Arthur E. Blyn, J.
Petitioner, as Commissioner of Social Services of the City of New York, moves pursuant to CPLR 6214 and 2512 in aid of attachment to compel the payment by respondent Manufacturers Hanover Trust Company of the sum of $5,250 to the Sheriff of the City of New York, New York County Division, which sum is being held by respondent in two savings accounts against which an order of attachment was issued by the court.
On August 13, 1974, petitioner as a plaintiff commenced a fraud action against Victoria Acosta, as defendant, to recover moneys granted to her for public assistance, totaling $5,250 which includes interest and costs. An order of attachment was granted therein and the Sheriff on October 2, 1974 made a levy against savings accounts Nos. WH 105163 and WH 91869, allegedly owned by Victoria Acosta.
Respondent has refused to comply with the Sheriff’s levy and refuses to deliver and transfer moneys from .the aforedescribed savings accounts to the Sheriff until the final disposition of the fraud action against Victoria Acosta. Respondent in its answer in this special proceeding admits that the savings accounts WH 91869 in the name of Victoria Acosta and WH 105163 in the name of Victoria Acosta in trust for Concepcion Fabian, with balances of $755.70 and $5,825, respectively, are maintained with it. It further states that although it is indifferent and disinterested as to the competing rights of petitioner, the Sheriff, the respondent Victoria Acosta and any other parties concerned, it feels constrained from turning over the moneys in the accounts to the Sheriff because of several blocking factors.
First, it claims that under the provisions of the depositor’s contract set forth in the passbook issued by it, no withdrawal may be made without the presentation of the passbook and a withdrawal order signed by the depositor. Neither of these requirements can be met, since the respondent Victoria Acosta refuses to surrender the passbooks. Second, the respondent suggests that one of the two savings accounts (WH 105163) in trust for Concepcion Fabian presents the additional question as to whether there was a gift of said account made to the beneficiary. Respondent, therefore, makes several requests as *789 conditions for turning over the moneys in the accounts to the Sheriff:
(1) That the petitioner be directed to surrender the two books to respondent, or in default thereof, that the petitioner furnish the respondent with an indemnity bond to protect the respondent from any claims or demands which may be made upon said passbooks. Neither of these requests is tenable since, as respondent knows, CPLR 2512 which petitioner cites as one of the statutory bases for this special proceeding, specifically provides: “ Any provision of law authorizing or requiring an undertaking to be given by a party shall be construed as excluding the state, a domestic municipal corporation or a public officer in biehalf of the state pr of such corporation, which municipal corporation shall, however, be liable for damages as provided by such provision of law in an amount not exceeding an amount which shall be fixed by the court whenever it would require an undertaking of a private party ”. (Emphasis supplied.)
(2) Respondent’s second request as a condition for turning over the moneys in the accounts to the Sheriff is that upon payment of any sums of money out of the savings accounts, respondent be discharged from liability to the petitioner or to any person or persons who may have an interest in said savings accounts.
Although the court recognizes the good faith concerns expressed by respondent and the desires of respondent to be held harmless by an undertaking and by other assurances from any claim or loss resulting from its compliance with petitioner’s application for a turnover of the moneys in the savings accounts to the Sheriff, CPLR 6214 contains no provision for so conditioning the turnover of the moneys. The cited statute provides: “ § 6214 * * * (d) Proceeding to compel payment or delivery. Where property or debts have been levied upon by service of an order of attachment, the plaintiff may commence a special proceeding against the garnishee served with the order to compel the payment, delivery or transfer to the sheriff of such property or debts, or to secure a judgment against the garnishee.” (Emphasis supplied.)
Nevertheless, the court believes that both the interests of petitioner and respondent will perhaps best be mutually served by an alternative to an order simply directing a turnover of the moneys iby respondent in disregard of respondent’s plausibly explained reluctance. That alternative suggests itself by the copy of a letter from respondent dated October 4, 1974, which states:
*790 “ Levy as within directed on account # WH 105163 i/n/o Victoria Acosta, i/t/f Concepcion Fabian and account # WH 91869, i/n/o Victoria Acosta or Adelgisa Acosta, at the Manufacturers Hanover Trust Co., 2760 B’dway, NY, NY, with a combined balance of over $15,000.00
“ Dear Mr. Schwartz:
“ We have an account in the name of Victoria Acosta in trust for Concepcion Fabian. Since we do not know the interest of the parties, we are unable to remit. We have, however, placed a hold o% the accoimt for twice the amount of the levy.
Sincerely,
Mary Eaton Assistant Manager ”.
(Emphasis supplied.)
There is an apparent discrepancy, unexplained in the papers submitted, 'between the total amount in both accounts as stated in the quoted letter dated October 4,1974 (“ over $15,000.00 ”) and the total set forth in respondent bank’s answer in this special proceeding dated January 17, 1975 ($755.70 and $5,825, i.e. $6,580.70).
However, in view of the aforesaid letter, the court directs that if respondent, within 10 days after service by petitioner upon respondent of a copy of this order with notice of entry, furnishes petitioner its agreement in writing to continue to place a hold on the two named accounts for twice the the amount of the levy until the final disposition of the pending fraud action by petitioner against Victoria Acosta, petitioner’s application for a turnover order is denied. However, if respondent fails or refuses so to furnish said agreement in writing in the time and manner indicated, petitioner’s application is granted in all respects.